# McQueen *v*. The State.

*Application for Habeas Corpus.*

1. *Sheriff has right to arrest escaped convict; reasonable time for delivery.*—A sheriff has authority at any time to arrest an escaped convict; and after making such arrest he is allowed a reasonable time within which to deliver said escaped convict to the hirer of county convicts.

2. *Same; same; habeas corpus.*—Where in a *habeas corpus* proceeding it is shown that the petitioner had been arrested as an escape, but it does not appear either by the petition or the return or the evidence when the convict was re-arrested, the order of the judge denying the discharge of the petitioner is free from error; it being presumed that the re-arrest was made so recently before the issuance of the writ as that there had been no reasonable time or opportunity for the sheriff to re-deliver the prisoner to the hirer of county convicts.

APPEAL from order of Judge of Pike Circuit Court.

Heard before the Hon. JOHN P. HUBBARD.

In this case a petition was filed on behalf of the appellant, Bud McQueen, addressed to the judge of the Twelfth Judicial Circuit, in which it was averred that Bud McQueen was imprisoned in the county jail in Pike county by the sheriff thereof; that on August 16, 1900, he was convicted of burglary and sentenced to hard labor for the county for one year, and that on the 14th day of September, 1900, the sentence of the court was carried out by said McQueen, being delivered to the proper authorities to whom the convicts sentenced to hard labor had been leased; that on January 11, 1901, the authorities to whom the said McQueen was delivered discharged him; that under the instructions of such authority he left the mines where he was at work and reached home on January 17, 1901; that after reaching Troy he was arrested and was at the time of the filing of the petition in the custody of the sheriff and was unlawfully detained. In his return to the service

of the writ of *habeas corpus* the sheriff set forth the fact of the conviction and sentence of Bud McQueen as set forth in the petition; and further alleged that he was turned over to the Montevallo Coal & Railway Company, who had contracted with Pike county for the lease of the county convicts; that the contract of lease with said Montevallo Coal & Railway Company was cancelled; but the said company declined to deliver the said McQueen upon the demand of the sheriff of said county; that subsequently the agents of said company notified the sheriff and hard labor agent of Pike county that all the convicts which were in their custody had escaped; that the sheriff was then directed by the hard labor agent to arrest all convicts whose sentence had not expired and deliver them to the hard labor agent, and under said instruction he arrested Bud McQueen and notified the hard labor agent thereof, and that it was by such authority that he holds the said McQueen. It was further averred in the answer of the sheriff that at the time of the arrest of said convict, he rightfully belonged to Henderson-Boyd Lumber Company, who was then the lawful hirer of all the convicts belonging to Pike county.

Bud McQueen, as a witness, testified that on January 11, 1901, the door of his cell at the mines of the Montevallo Coal & Railway Company, where he was working, was opened and he was told by the agent of said company that they had no further use for him; that after this was done he walked from where he had been imprisoned back to the county of Pike, and that he was in Pike county at the time of his subsequent arrest by the sheriff.

It was shown that the term of the sentence of said Bud McQueen had not expired at the time of his arrest.

The return of the sheriff to the writ of *habeas corpus* was introduced in evidence. After hearing all the evidence ,the judge refused the prayer of the petitioner and declined to discharge the said Bud McQueen. From this judgment the said McQueen prosecutes the present appeal.

[McQueen v. The State.]

C. E. HARMON and TERRY RICHARDSON, for appellant, cited *Ex parte King*, 82 Ala. 59; *Ex parte Clews*, 78 Ala. 457; *Ex parte Goucher*, 103 Ala. 307; *Ex parte McKuett*, 55 Ala. 236; *Kirby's Case*, 62 Ala. 57; *Metcalf's Case*, 75 Ala. 42; *Smith's Case*, 76 Ala. 69; *Ex parte Stewart*, 98 Ala. 67.

CHAS. G. BROWN, Attorney-General, for the State.

McCLELLAN, C. J.—We entertain no doubt but that the sheriff, with or without an order of the convict agent of Pike county, had authority to arrest McQueen as an escaped convict, and deliver him to the hirer of county convicts through said agent or otherwise. Of course, the duty of prompt action was upon the sheriff to make such delivery; but it need not have been made upon the instant of rearrest, or the day. A reasonable time was to be allowed, and meantime the convict might be incarcerated by the sheriff in the county jail. Such reasonable time is defined in the decisions of this court. The petition for *habeas corpus* was presented to the judge below and the writ was issued on March 1, 1901. It does not appear by the petition or the return or the evidence when the convict was rearrested. It may well be, and to support the order refusing to discharge the prisoner we will presume, that the rearrest was made so recently before the issuance and service of the writ as that there had been no reasonable time or opportunity for the sheriff to redeliver the prisoner to the hirer of the county convicts. Hence our conclusion, that on the case presented the petitioner was rightfully held by the sheriff, and was not entitled to his discharge.

Affirmed.